IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01234-RPM

CINDY COX-SIEDLARZ,

        Plaintiff,

v.

GUARANTY BANK AND TRUST COMPANY,
a Colorado Banking Corp.,

        Defendant.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant, Guaranty Bank and Trust Company, filed a motion for summary judgment seeking dismissal of the plaintiff's claim for a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, when her employment was terminated on March 3, 2004, and she was not given the opportunity for other employment. The defendant claims that this civil action was not timely filed because the EEOC mailed the right-to-sue letter to Cindy Cox-Siedlarz on December 14, 2004, and the complaint in this case was filed on July 1, 2005. The plaintiff has testified that she did not receive the right-to-sue letter until April, 2005, and submitted plaintiff's Exhibit 10, an envelope from the EEOC showing a postmark date of April 4, 2005. Guaranty Bank asserts that the plaintiff's testimony is not credible and asks this Court to apply the presumption of delivery to determine that the complaint was untimely. Under Rule 56, the Court may not make credibility determinations of the

testimony and, according, the issue of timeliness of the filing must be reserved for trial.

Guaranty Bank also challenges the sufficiency of the plaintiff's evidence to establish a *prima facie* case. From a review of all of the materials submitted by the parties, and considering all of the factual disputes favorably to the plaintiff, this Court concludes that there is sufficient circumstantial evidence to support an inference that age was a motivating factor and, accordingly, the motion is denied.

Ms. Cox-Siedlarz was an employee of Guaranty Bank, working as a Senior Administrative Analyst in August, 2003, when she was hired by Daryll Southwick, President of the First National Bank of Strasburg. At that time, the First National and Guaranty Bank were sister corporations owned by Guaranty Corporation, a bank holding company. First National intended to open a branch bank in Parker, Colorado, and the plaintiff was hired to become the Operations Officer at the Parker branch when it opened. Ms. Cox-Siedlarz worked at the Strasburg and then Bennett branches of First National while the Parker branch was being constructed. The plaintiff was 45 years old when she was hired by First National.

When the Parker branch was opened, the manager, Mark Dougherty, hired Rae Keller, a 58-year-old woman, as the Operations Manager. Because the plaintiff's employment with First National was to be for that position and because she had not been given an established position at the offices where she had been working, the defendant asserts that First National had no further employment opportunity available to her so she was let go.

In December, 2004, Centennial Bank Holdings acquired Guaranty Corporation and in April, 2005, merged Guaranty Bank and First National with Guaranty Bank as the surviving corporation.  The defendant has asserted that the decision to terminate the plaintiff's employment was also the result of her conduct in seeking to remove her 18-year-old twins from insurance coverage and taking unearned paid time off.  The record shows that the latter issue arose because of a miscalculation by the personnel department and the plaintiff was not at fault.  The evidence is not clear with respect to what adverse effects the employer may have sustained as a result of the insurance matter.

The record now before the Court also shows that Mr. Southwick was criticized for his hiring of Ms. Cox-Siedlarz for the position at First National by Dave Boyles, President of Guaranty Bank, and Ms. Sharen Laurent of that bank because of their perception of the plaintiff as an employee at Guaranty Bank.  The record also shows that Barbara Loase, plaintiff's supervisor at both the Guaranty Bank and First National, had inquired about rehiring the plaintiff for a position vacated by Lisa Polich and was told by Mr. Southwick that the bank would not rehire the plaintiff.

In anticipation of the merger, First National's bookkeeping, operations and customer service departments were eliminated with those functions to be taken over by Guaranty Bank employees.  In that regard, six employees within the protected age group were laid off.  Evidence of that reduction in force may be received at trial as circumstantial evidence of a planned policy to reduce the age of the work force that would remain with Guaranty Bank.  *Bingman v. Natkin and Co.,* 937 F.2d 553,

556 (10th Cir. 1991).

The defendants asserted legitimate business reasons for terminating the employment of the plaintiff may be found to be pretextual. The reasons that have been given are inconsistent and the contention that the plaintiff was somehow at fault with respect to the insurance matter and the paid time off issues may be seen as an attempt to mask the true motivation which was related to the plaintiff's age.

The issues in this case cannot be resolved on summary judgment and it is therefore

ORDERED that the defendant's motion for summary judgment is denied.

Dated: March 29th , 2007

                                         BY THE COURT:

                                         s/Richard P. Matsch
                                         _____
                                         Richard P. Matsch, Senior District Judge